IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CLAUDIA HURTADO §<br>    Plaintiff(s) §<br> §<br>v. § Cause No.   EP-07-CA-0065-FM<br> §<br>TAM FINANCE CORPORATION §<br>dba TAM FINANCE COMPANY; §<br>and JOHN and/or JANE DOES 1-10 §<br>    Defendant(s) § | |

**PLAINTIFF'S 12(B) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM
AND MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW PLAINTIFF**, by and through the undersigned attorney, and pursuant to Federal Rule of Civil Procedure 12(b), hereby moves this Honorable Court for an order dismissing Defendant's counterclaim and would show the Court the following:

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Defendant's counterclaim may be maintained only if it is a compulsory counterclaim and, if not, only if as a permissive counterclaim, there exists independent federal subject matter jurisdiction. The counterclaim here which Defendant has advanced, seeks the recovery of a purported debt in the amount of $742.20 and is not a compulsory counterclaim. Further, Defendant's claim is not based upon independent federal subject matter jurisdiction. _Peterson v. United Accounts, Inc._ 638 F2d 1134 (8th Cir. 1981); _Leatherwood v. Universal Business Service Company_, 115 F.R.D. 48 (W.D.N.Y 1987).

**PROCEDURAL BACKGROUND**

Plaintiff initiated this action to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et. seq.* (hereinafter "FDCPA"), as well as its

violations of related State law obligations which were brought as supplemental claims. The entirety of the complaint is founded upon Defendant's activities conducted in the course of its regular efforts, as a debt collection agency, to collect from Plaintiff an underlying debt based upon a personal loan.

Defendant now seeks, through its counterclaim filed in this Court, to recover an amount it claims to be owed by the Plaintiff on a contract. Subject matter jurisdiction however, is lacking in this Court to adjudicate the counterclaim since the debt collection action is not a compulsory counterclaim pursuant to Rule 13(a). An action, such as here, brought to remedy unlawful debt collection activity and an action to collect the underlying debt do not arise out of the same transaction or occurrence, as required by Rule 13(a), and the collection action therefore may not be maintained as a compulsory counterclaim. _Peterson v. United Accounts, Inc.,_ 638 E2d 1134 (8th Cir. 1981); _Leatherwood v. Universal Business Service Company,_ 115 ER.D. 48 (W. D.N.Y. 1987). Further, Defendant's counterclaim may not be asserted as a permissive counterclaim in accordance with Rule 13(b) unless there exists independent, federal subject matter jurisdiction. _NLRB v. Dutch Boy, Inc.,_ 606 E2d 929, 932 (10th Cir. 1979). Defendant has alleged no independent jurisdictional basis for the collection claim, quite simply because none exists. Therefore, without jurisdiction to adjudicate the collection case, the counterclaim must be dismissed.

## II. ARGUMENT OF LAW

### A. Defendant's Counterclaim Is Not A Compulsory Counterclaim

Dispositive of the issue is that Defendant's counterclaim fails to meet the threshold requirement of Rule 13(a) in that a compulsory counterclaim may be maintained within the principal action only if "it arises out of the transaction or occurrence that is the subject matter of

the opposing party's claim." Here, the "transaction or occurrence that is the subject matter of" Plaintiff's claims against Defendant is the debt collection activities pleaded in Plaintiff's complaint. Defendant's claim of entitlement to a money judgment arising from the underlying debt does not meet this standard, as the debt claim arises from a transaction and occurrence separate and apart from the unlawful collection activities.

The question of whether a consumer's claims alleging unlawful debt collection actions pursuant to the FDCPA and the cause of action for collection of the underlying debt arise out of the same "transaction or occurrence" has been addressed and answered in the negative by the Eighth Circuit in *Peterson*.  Relying on the extensive body of jurisprudence cited therein resolving the same legal issue in the context of a consumer's claims for violations of the federal Truth-in-Lending Act (TILA), and the creditor's action to collect the underlying debt, and similarly finding the absence of the required logical relationship between the debt action and the violation of the subject federal law, the Eighth Circuit held as follows:

> [T]he circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by United Accounts, Inc. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts. 638 F2d at 1137.

When reaching its conclusion, the *Peterson* court acknowledged the Fifth Circuit case of *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357 (5th Cir. 1979) which allowed, as a compulsory counterclaim, an action on the underlying debt brought by the Defendant in a TILA Action   However, because the occurrence or transaction in the context of an FDCPA claim is far more tenuous as a compulsory counterclaim than it would be in a TILA claim, it is highly

unlikely the Fifth Circuit would allow such a claim to be advanced in the context of an FDCPA claim. This is especially true given that to assert this type state law cause of action in an FDCPA case may cause the jury to impermissibly punish Plaintiff because it may believe the Plaintiff got what he deserved for failing to pay his debts in the first place regardless of the reasons therefore. Such a result, given the fact that defendants almost always claim to be owed a debt, would wholly defeat the entire purpose of the FDCPA and the public policy recognized by Congress when it passed the same. (See, 15 U.S.C. 1692, Congressional findings and declaration of purpose).

As stated in *Peterson,* the critical review in determining whether claims arise from the same "transaction or occurrence" is one principally composed of a practical analysis of the logical relationship between the claims. The Court should focus on whether or not the issues of law and fact are largely the same and whether substantially the same evidence supports and/or refutes the opposing claims. *Id.,* at 1136, n. 5. Defendant must prove, to prevail on its collection action, that it is owed money for the alleged underlying debt. Not only does the core evidence necessary to sustain the collection action not refute Plaintiff's claims regarding the wrongful debt collection activity alleged in the complaint, but this evidence is absolutely irrelevant and immaterial to Plaintiff's causes of action. *Kolker v. Duke City Collection Agency,* 750 F.Supp. 468, 471 (D.N.M 1990)("whether a consumer is liable for the underlying debt that a debt collector is attempting to collect is irrelevant and immaterial to whether the debt collector is liable for conduct that violates the Act"); *Baker v. G.C. Services Corp.,* 677 F. 2d 775, 777 (9th Cir. 1982) (same); *Strange v. Wexler,* 796 F.Supp. 1117, 1118 (N.D. Ill. 1992) (same).

The essence of the provision of Rule 13 which permits the federal judiciary to entertain counterclaims arising from the same "transaction or occurrence" is "to prevent a multiplicity of

actions and a duplication of judicial efforts." *Peterson,* at 1137, n.8. Permitting Defendant to litigate its collection action here against Plaintiff would not achieve this goal of judicial economy. To the contrary, there would be no duplication of evidence presented and no common issues of law, and this Court and the jury selected to try this case would therefore be asked to determine independent and unrelated causes of action and supporting facts.

The other area of required review is whether the doctrine of *res judicata* would bar a subsequent suit on the debt claim. *Id.,* at 1136, n.5. The essential requirement necessary to invoke the doctrine of *res judicata* is two actions "involving the same parties or their privies *based on the same cause of action." Parklane Hosiery Company v. Shore,* 439 U.S. 322, 326, n.5 (1979) (emphasis added). Since the causes of action asserted here by Plaintiff against Defendant are limited solely to his claims arising under the FDCPA and the related supplemental State law claims arising from the identical facts, Defendant's purported right to recover on the debt lacks the essential element of an identical causes of action. Thus, none of the criteria necessary to determine whether the debt collection abuse claims, and the action to recover on the underlying debt, arise from the same "transaction or occurrence" is met.

In the *LeatherWood* case*,* the court was confronted with the identical question as raised here presented under the identical circumstances, i.e. the defendant attempted to assert a counterclaim on the underlying debt in response to the complaint brought pursuant to the FDCPA alleging unlawful tactics in the collection of that debt. The decision in *Peterson* apparently had not been brought to the attention of the court, which therefore conducted a comprehensive and independent analysis of Rule 13. The *LeatherWood* court examined the same principles of federal jurisdiction as did the Eighth Circuit in *Peterson* and similarly concluded that "[i]n view of the dissimilarities between the claim and the counterclaim, this

Court finds that the defendant's counterclaim is not compulsory and will be dismissed." 115 ER.D. at 50.

Further, demonstrating the absence of any logical relationship between the two claims is the fact that, if Defendant is permitted to assert its counterclaim against Plaintiff for the alleged debt, Plaintiff will then be required to raise compulsory counterclaims to the debt action and all his defenses arising from the alleged underlying debt itself. This Federal Court of limited jurisdiction would then be faced with the bulk of the claims raised in this litigation arising from Defendant's claim for money due and the underlying defenses thereto relegating the debt collection claims and resulting federal cause of action under the FDCPA to a secondary position. This case should not be burdened with such disputes. The rule followed in *Peterson* and *Leatherwood*, that these claims do not arise from the same "transaction or occurrence," effectuates the policy of limited federal jurisdiction, *Owens Equipment and Erection Company v. Kroger,* 437 U.S. 365, 372, 374 (1978), and bars Defendant from prosecuting here its collection case.[1]

B  The Counterclaim May Not Be<br>Maintained As a Permissive Counterclaim

Rule 13(b) permits the Court to allow Defendant to "state as a counterclaim any claim

---

[1] This same conclusion that a federal court lacks jurisdiction over a counterclaim for the underlying debt since it is not a compulsory counterclaim to the plaintiff's FDCPA claims was reached in several unreported decisions. *Hashbun v. Credit Bureau, Inc., 37* Consumer Fin. L. Bull. (Am. Fin. Servo Assoc.) 1 (D. are. 1983); *Darnall V. Crown Collections, Inc.,* Clearinghouse No. 37,498 (D. are. 1983); *Vernon V. BWS Credit Services, Inc.,* Clearinghouse No. 27, 693 (D. Neb. 1980); and the district court decision in *Baker, 15* Clearinghouse Rev. 359 & 863 (No. 31, 230) (D. are. 1981). In addition, this Court, in an opinion issued by Judge Conway, dismissed a third-party complaint under Rule 14(a) seeking to recover on an underlying debt in an FDCPA action, concluding under the identical standard as in Rule 13(a) that the collection "action does not arise from the same transaction or occurrence underlying the plaintiff's FDCPA claim." *Larranaga v. Mile High Collection and*

against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." However, such a permissive counterclaim must have an independent, federal court jurisdictional basis. *NLRB v. Dutch Boy, Inc.,* Defendant has failed to plead any basis on which such jurisdiction may be founded, and in any event there is no independent jurisdictional basis for this type of routine collection suit to be heard by an Article III court. *Leatherwood.*

**WHEREFORE PREMISES CONSIDERED,** and for the reasons above-stated, Plaintiff respectfully requests that this Honorable Court dismiss Defendants counterclaim.

Respectfully submitted,

/s/ SCOTT A. VOGELMEIER
**SCOTT A. VOGELMEIER**
**Attorney for Plaintiff**
**State Bar No.: 24015139**
**303 Texas Ave., Suite 502**
**El Paso, Texas 79901**
**(915) 544-3100**
**(915) 577-0160 Facsimile**

---

*Recovery Bureau, Inc.* CIV 91-111 JC/RWM (January 29, 1992), slip op. at 2

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 21st day of March, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

 Colbert N. Coldwell
 Guevara, Rebe, Baumann, Coldwell,
 & Reedman, LLP
 4171 North Mesa, Ste B-201
 El Paso, Texas 79902
 grbc@whc.net

             /s/ SCOTT A. VOGELMEIER
             **SCOTT A. VOGELMEIER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CLAUDIA HURTADO** § | | |
| Plaintiff(s) § | | |
| § | | |
| v. § | Cause No. | **EP-07-CA-0065-FM** |
| § | | |
| **TAM FINANCE CORPORATION** § | | |
| dba **TAM FINANCE COMPANY**; § | | |
| and **JOHN and/or JANE DOES 1-10** § | | |
| Defendant(s) § | | |

**ORDER ON PLAINTIFF'S 12(B) MOTION**
**TO DISMISS DEFENDANT'S COUNTERCLAIM**

This matter came on for consideration upon the Motion to Dismiss Defendants Counterclaim filed by the Plaintiff herein on the 21st day of March, 2007. After having considered the matter, and arguments of counsel, the Court finds the motion to be well taken and hereby GRANTS the same.

**ACCORDINGLY**, Defendant's counterclaim is hereby **DISMISSED.**

**SIGNED ON** this _____ day of _____, 200___.

_____
**FRANK MONTAVO**
**UNITED STATES DISTRICT JUDGE**