IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CLAUDIA HURTADO | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Cause No. EP07CA0065 |
| | § | |
| TAM FINANCE CORP. d/b/a | § | |
| TAM FINANCE COMPANY, | § | |
| AND JOHN AND JANE DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S 12(b) MOTION TO DISMISS COUNTERCLAIM

Comes Now, Defendant, TAM FINANCE CORP., by and through the undersigned attorney, and files this, its Response to Plaintiff's 12(b) Motion to Dismiss Defendant's Counterclaim heretofore filed herein, and would show:

1. The Motion to Dismiss should be denied because:

    A. The Counterclaim for the underlying defaulted debt, which is debt that was being sought for collection at the time of the alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C., Sec. 1692, et seq. (hereinafter called "FDCPA") was a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, as arising out of the transaction or occurrence that is the subject matter of the Plaintiff's claim that does not require for its adjudication the presence of third parties and was not the subject of a state claim at the time the action was commenced; or

B. The counterclaim for the underlying debt is a "permissive" counterclaim under Rule 13(B), Federal Rules of Civil Procedure as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

## ARGUMENT AND AUTHORITIES

2. Judicial economy dictates that all matters between the parties to this lawsuit arising out of the debt collection and the underlying debt, which are inextricably interwoven, should be disposed of in one lawsuit. Defendant should be entitled to assert its claim for the underlying debt, as an offset to any recovery of the Plaintiff, at the conclusion of these proceedings. Even if Plaintiff were unsuccessful in their FDCPA claim, Defendant should recover on the underlying debt.

3. The issue does not appear to have been settled in the Fifth Circuit, although Plant vs. Blazer Financial Services, Inc., 598 F.2d 1357 (5th Cir. 1979) has leaned in favor of judicial economy in a compulsory counterclaim in a similar Truth-in-Lending Act ("TILA").

4. In CMF Virginia Land L.P. vs. Brinson, 806 F.Supp. 90 (ED Va. 1992), for a specific claim under a companion statute, 15 USCA, §1691 the Equal Credit Opportunity Act, the creditors claim on the debt was held not to be an affirmative defense, but rather was a compulsory counterclaim, in a collection action which in that case was brought by a third party purchaser of insolvent lender's assets, and which, if proven, would entitle debtor the recoupment of damages awarded, as a set off against the amount owed to a loan purchaser.

5. From a practical point of view, the Plaintiff seeks to divorce his cause of action from the underlying debt, which is the reason that the parties were in contact with each other in the first place, thereby cutting any offset of that debt against potential recovery under the Fair Debt Collection Act.

The reality is that for people in the economic position of resorting to small loan financial companies in the first place, a monetary judgment itself stands a small chance of collection. To deny a claim as an offset has the practical effect of allowing the Plaintiff to avoid entirely the underlying debt, irregardless of merit of the case, because of the small amount involved and the large amount sought for damages here.

6. When a lawsuit is brought in federal court, and there is no jurisdictional obstacle to advancing state law claims, *res judicata* bars any effort to assert the state claim in a separately filed state court action. Hondas vs. Memorial Healthcare System, Inc., 896 SW2d 227 (Tex. App., Hou. 1st Dist. 1995)(rehearing over'ld, den'd.). Texas courts have adopted a "transactional" approach to *res judicata*. Under this approach, a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. Any cause of action that arises out of the same transaction should, if practicable, be litigated in the same lawsuit. Getty Oil Co. Vs. Insurance Co. Of North America, 845 SW2d 794 (Tex. Sup. Ct. 1992).

7. In this case, if the Court does not allow the counterclaim on the debt, the record must be clear that the issue was not adjudicated. In the ordinary case *res judicata* will bar an issue arising out of the same transaction, if it could, with diligence, have been raised in the former action. In re: Erlewine, 349 F.3d 205 (5th Cir, 2003); McFarland v. Bridges 104 SW3d 906 (Tex. App. E.P., 2003). It is not difficult to imagine that if Defendant had not asserted its counterclaim in this FDCPA case, that Defendant would later claim that the issue would be precluded in a subsequent state court action under the Texas *res judicata* formulation.

8. In conclusion, as a matter of judicial economy, so that this Court can finally adjudicate all issues among the parties arising out of one single loan transaction, and the alleged collection efforts

under it, and so as not to create a *res judicata* issue in every FDCPA case (which would have to be resolved by Texas State Court justices of the peace and trial court judges with little experience in the fine points of issue preclusionary effect of *res judicata*), this Court should permit the underlying debt counterclaim as compulsory counterclaim, under FRCP 13(a) or, in the alternative, as a permissive counterclaim under FRCP 13(b).

Respectfully submitted,

**GUEVARA, REBE, BAUMANN, COLDWELL & REEDMAN, L.L.P.**
Attorneys at Law
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
Office: (915) 544-6646; Fax: (915) 544-8305

By: /s/ filed electronically
    **COLBERT N. COLDWELL**
    Texas Bar No. 04535000
    Attorney for Defendant TAM FINANCE CORP.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Response was faxed to the attorney for Plaintiff, Scott A. Vogelmeier, at 577-0160, on this 23RD day of March, 2007.

/s/ filed electroncially
COLBERT N. COLDWELL