IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CLAUDIA HURTADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-07-CA-065-FM |
| TAM FINANCE CORPORATION, | § | |
| d/b/a TAM FINANCE COMPANY; and | § | |
| JOHN and JANE DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM[1]

Before the Court is Plaintiff Claudia Hurtado's ("Plaintiff") "12(B) [sic] Motion to Dismiss Defendant's [sic] Counterclaim and Memorandum in Support Thereof" ("Motion") [Rec. No. 6], filed through counsel in this cause on March 21, 2007. Defendant TAM Finance Corporation d/b/a TAM Finance Company ("TAM") filed "Defendants' [sic][2] Response to Plaintiff's 12(b) Motion to Dismiss Counterclaim" ("Response") [Rec. No. 7] on March 23, 2007. To date, Plaintiff has not filed a reply. For the reasons it discusses below, the Court concludes that it should grant Plaintiff's Motion.

I. **BACKGROUND**

Plaintiff filed her Complaint [Rec. No. 2] against TAM and Defendants John and Jane

---

[1] The Court amends this order, pursuant to Federal Rule of Civil Procedure 60(a), to correct a clerical error in Parts III and IV, *ante*.

[2] TAM's use of "Defendants'" to describe its Response suggests the John and Jane Does Plaintiff names in her Complaint join in the Response. However, no John or Jane Doe has appeared in this cause and the opening line of TAM's Response clearly shows that TAM has filed the Response only on its own behalf.

Does 1-10 in federal district court on February 15, 2007. Plaintiff contends Defendants, in their efforts to collect a consumer debt Plaintiff allegedly owes TAM, have violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as well as Texas Finance Code § 392 *et seq.*

TAM filed its "Original Answer and Counterclaim" on March 15, 2007. Therein, TAM denies it is liable to Plaintiff and further lodges a counterclaim against her. TAM specifically contends Plaintiff owes it $742.20 pursuant to a promissory note. TAM seeks the latter amount plus its costs, reasonable attorney's fees, and interest on the debt at the 18 % rate Plaintiff allegedly agreed to in the note. Plaintiff's Motion seeking dismissal of TAM's counterclaim followed on March 21, 2007.

Through her Motion, Plaintiff argues TAM's counterclaim to recover a purported debt is permissive rather than compulsory. Because the Court lacks independent federal subject matter jurisdiction over TAM's permissive counterclaim, Plaintiff contends the Court must dismiss the counterclaim from this case. TAM responds that its counterclaim is in fact compulsory and therefore urges the Court to deny Plaintiff's Motion.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 13 permits a defendant to assert a counterclaim against a plaintiff.[3] Counterclaims are either compulsory or permissive.[4] A defendant's failure to raise a compulsory counterclaim in response to a plaintiff's lawsuit will in most cases bar the defendant

---

[3] *See* FED. R. CIV. P. 13.

[4] *See id.*

2

from raising the claim in a later suit.[5] To determine whether a counterclaim is compulsory, courts in the Fifth Circuit apply the "logical relation" test.[6] "The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits. The hallmark of this approach is its flexibility."[7] A logical relationship exists between a plaintiff's original claim and the defendant's counterclaim "when the counterclaim arises from the same aggregate of operative facts, in that the same operative facts serves [sic] as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant."[8]

Any counterclaim which is not compulsory is a permissive counterclaim.[9] A permissive counterclaim must have an independent jurisdictional basis.[10] If not, courts will exclude the counterclaim from the case.[11]

---

[5] *See* FED. R. CIV. P. 13(a); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred."); *Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85 (5th Cir. 1997) (finding the plaintiff's failure to raise a compulsory counterclaim in an earlier lawsuit barred the plaintiff from pursuing the claim in a later action).

[6] *Plant v. Blazer Finan. Servs.*, 598 F.2d 1357, 1361 (5th Cir. 1979) (noting that four tests have been suggested for determining whether a counterclaim is compulsory or permissive, and the Fifth Circuit, as well as the majority of other courts, has adopted the last of the four standards, the "logical relation" test).

[7] *Id.* at 1361 (internal citation and quotation omitted).

[8] *Id.* (citing *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir. 1970)).

[9] *Employers Ins. v. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985).

[10] *Plant*, 598 F.2d at 1360.

[11] *Diamond v. Terminal Ry. Alabama State Docks*, 421 F.2d 228, 236 (5th Cir. 1970).

With these principles in mind, the Court considers the nature of TAM's counterclaim.

III. **DISCUSSION**

Here, it is clear that if TAM's counterclaim is merely permissive, this Court must dismiss the counterclaim from this action for lack of jurisdiction. Simply put, TAM's counterclaim seeking recovery of a debt allegedly owed to it by Plaintiff does not implicate a federal question and TAM has made no showing that the Parties are of diverse citizenship or meet the minimum amount in controversy requirement.[12]

The Fifth Circuit has not addressed whether a plaintiff's FDCPA claim alleging improper debt collection practices and a defendant's counterclaim for payment of an underlying debt bear a logical relationship to each other.[13] All courts to have considered the matter, however, have concluded that a debt counterclaim is distinct from and not logically related to a plaintiff's FDCPA claim based on improper debt collection practices.[14] The Court has carefully reviewed

---

[12] *See* 28 U.S.C. § 1331 (conferring federal courts with original jurisdiction over federal questions); 28 U.S.C. § 1332 (discussing the requirements for diversity jurisdiction).

[13] Although the Fifth Circuit, in *Plant v. Blazer Financial Services*, concluded that a defendant's counterclaim seeking recovery of an underlying debt was logically related to the plaintiff's claim alleging violations of the Truth in Lending Act, 598 F.2d 1357, 1361 (5th Cir. 1979), the Court finds the current situation involving the FDCPA is distinguishable. The Court therefore finds that *Plant* does not dictate the result in this case.

[14] *See Baker v. G.C. Services Corp*; 677 F.2d 775, 777 (9th Cir. 1982) (noting that the FDCPA's purpose to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists); *Peterson v. United Accounts Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981) (holding a defendant's counterclaim for recovery of an alleged debt was a permissive counterclaim to the plaintiff claim that defendant violated the FDCPA, noting the circumstances giving rise to the original debt were separate and distinct from the defendant's collection practices); *Blakemore v. Pekay*, 895 F. Supp. 972, 983-84 (N.D. Ill. 1995) (quoting *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995) with approval for its proposition that a claim alleging an FDCPA violation is a permissive counterclaim to a claim seeking recovery of an underlying debt); *Hart v. Clayton-Parker & Assoc.*, 869 F. Supp. 774, 777-78 (D. Ariz. 1994) (finding, in a lawsuit alleging violations of the FDCPA, the defendant-debt collector's counterclaim for the underlying debt was permissive rather than compulsory

the reasoning behind these decisions and concludes it is sound. The Court accordingly finds TAM's counterclaim in this action to be permissive rather than compulsory and will therefore dismiss the counterclaim.

## IV. CONCLUSION AND ORDERS

In sum, the Court finds that Defendant's counterclaim seeking recovery of the alleged underlying debt in this action is a permissive counterclaim over which the Court lacks independent jurisdiction. The Court will accordingly grant Plaintiff's Motion. Therefore, the Court enters the following orders:

---

because the plaintiff's FDCPA claim related to the alleged use of abusive debt collection practices, while the defendant's counterclaim encompassed a private duty under state law requiring a broad proff of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of contract by the plaintiff and monetary damages resulting from the breach; in addition, the validity of the underlying debt was not relevant to plaintiff's claim of abusive collection practices); *Strange v. Wexler*, 796 F. Supp. 1117, 1118 (N.D. Ill. 1992) (noting that the plaintiff's liability for the debt a collector seeks to recover is immaterial to the plaintiff's claim that the debtor violated the FDCPA); *Kolker v. Duke City Collection* Agency, 750 F. Supp. 468, 471 (D. N.M. 1990) ("[W]hether a consumer is liable for the underlying debt that a debt collector is attempting to collect is irrelevant and immaterial to whether the debt collector is liable for conduct that violates the [FDCPA]."); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 49-50 (W.D. N.Y. 1987) (finding the defendants' counterclaim for the underlying debt was not compulsory in relation to the plaintiff's FDCPA claim because the counterclaim raised "issues starkly different from those presented by the plaintiff's claim.") The Court additionally notes various unpublished opinions on this subject reaching the same conclusion. *See Berrios v. Sprint Corp.*, No. CV-97-0081, 1998 U.S. Dist. LEXIS 6579, at *26-28 (E.D. N.Y. March 16, 1998) (unpublished); *Ayres v. Nat'l Credit Management Corp.*, No. 90-5535, 1991 U.S. Dist. LEXIS 5629, at *1-4 (E.D. Pa. April 25, 1991) (unpublished); *Gutshall v. Bailey & Assoc.*, No. 90-C-20182, 1991 U.S. Dist. LEXIS 12153, at *2 (N.D. Ill. Feb. 11, 1991). As the *Ayres* Court wrote:

> No such [logical] relationship exists between plaintiff's FDCPA claim and defendant's claim on the debt. Although defendants' right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices – there being no attempted collection without an alleged debt – a cause of action on the debt arises out of events different from the cause of action for abuse in collecting. The former centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

*Ayres*, 1991 U.S. Dist. LEXIS 5629, at *4.

1. Plaintiff's Motion [Rec. No. 6] is **GRANTED**.

2. Defendants' counterclaim is accordingly **DISMISSED** from this action.

**SO ORDERED.**

**SIGNED** this **5th** day of **June, 2007.**

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**